**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE SMITH BARNEY DIVISION OF CITIGROUP GLOBAL MARKETS, INC., (formerly known as Salomon Smith Barney, Inc.), | : | |
| Plaintiff, | : | No. No. 2:09-cv-00613 (LHP) |
| v. | : | |
| M. BERNADETTE HOLLAND, M. AMY VILLANI, WILLIAM CARL MEYER, MARCY LEPRELL, and JANNEY MONTGOMERY SCOTT LLC | : | |
| Defendants. | : | |

**DEFENDANT JANNEY MONTGOMERY SCOTT LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Janney Montgomery Scott LLC ("Janney") respectfully moves the Court pursuant to Federal Rule of Civil Procedure 21 for an Order dismissing all of the claims set forth in Plaintiff's Amended Complaint, and dismissing Defendants William Carl Meyer ("Meyer") and Marcy LePrell ("LePrell") from the above-captioned action. The requested dismissals would be without prejudice to Plaintiff's ability to re-file the dismissed claims against the dismissed parties and/or Janney in a separate action.

## INTRODUCTION

On February 12, 2009, the Smith Barney Division of Citigroup Global Markets, Inc. (formerly known as Salomon Smith Barney, Inc.) ("Citigroup") filed a Complaint against M. Bernadette Holland ("Holland"), M. Amy Villani ("Villani") and Janney relating to the termination of Holland and Villani's employment in Citigroup's Bethlehem office and their subsequent employment by Janney. Although the merits of the dispute among the parties are arbitrable before a securities industry arbitration panel, it was undisputed that the parties' arbitration agreement permits them to come to the Court for the sole purpose of seeking interim

injunctive relief pending arbitration. In its motion for such interim injunctive relief from the court, Citigroup essentially alleged that Holland and Villani had engaged in certain conduct in connection with their transition in employment that went beyond what is permitted under the circumstances, by removing and/or retaining certain customer related information. The allegations against Holland and Villani were specific to their situation, and largely were based on testimony in the form of a declaration submitted by an employee of Citigroup's branch office in Bethlehem, Pennsylvania.

After holding a hearing, the Court resolved Citigroup's request for interim injunctive relief pending arbitration against Holland and Villani by an Order entered on February 16, 2009. Accordingly, the Court has already ruled on, and disposed of, the entirety of the court action against Holland, Villani and Janney. The merits of that dispute are currently proceeding toward an expedited hearing in arbitration before the Financial Industry Regulatory Authority (the combined regulatory authority of NASD and NYSE, known as "FINRA").

After completion of the Court's work on this case as described above, on February 20, 2009, Citigroup suddenly filed an Amended Complaint, in which it added two new and completely unrelated Defendants – Meyer and LePrell – as well as a set of claims against Meyer and LePrell that are entirely factually distinct from the claims and facts set forth in the original Complaint.. Meyer and LePrell have no nexus whatsoever to the existing case:

Meyer and LePrell worked for Citigroup in its Lancaster, Pennsylvania office, not from the Bethlehem office in which Holland and Villani were employed. Meyer and LePrell did not service the same clients as Holland and Villani while at Citigroup. As a result, the client information alleged to be at issue is completely separate for the two groups of departed employees. Meyer and LePrell reported to a different manager than Holland and Villani, and

worked with a completely different group of employees on a day-to-day basis. As a result, the allegations on which Citigroup bases its request for interim injunctive relief against Meyer and LePrell are completely different, and those allegations are contained in declarations of completely different employees/witnesses. Indeed, Janney understands that Meyer and LePrell do not even know Holland and Villani.

Citigroup's effort to join Meyer and LePrell to the existing matter against Holland, Villani and Janney is improper under Federal Rule of Civil Procedure 20. Citigroup's claims against Meyer and LePrell do not arise out of the same transaction, occurrence or series of transaction or occurrences, and Citigroup's claims against Meyer and LePrell do not contain questions of law or fact common to its claims against Holland and Villani. Moreover, Citigroup's claims for interim injunctive relief against Holland and Villani have already been resolved by the Court in this action and, therefore, reopening the proceedings in this case is unnecessary and improper.[1] Citigroup's attempt to join Meyer and LePrell into the existing action against Holland, Villani and Janney constitutes nothing more than a veiled attempt by Citigroup to short circuit the federal rules of civil procedure and the FINRA rules by using a pending court action as a point of convenience to assert new and separate claims against unrelated parties. This should not be permitted. Rather, if Citigroup has claims against wholly unrelated employees, who also happened to leave Citigroup for Janney, then Citigroup must bring a separate action against them in this court or any other court of competent jurisdiction.

## ARGUMENT

Under Federal Rule of Civil Procedure 20, permissive joinder of parties, "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them

[1] Indeed, if anything, now that the Court has completed its work on Citigroup's application for interim injunctive relief pending arbitration, this action ought to be stayed under the Federal Arbitration Act, 9 U.S.C. § 3.

**jointly, severally, or in the alternative** with respect to or arising out of **the same transaction, occurrences, or series of transactions or occurrences;** and (B) **any question of law or fact common to *all* defendants will arise in the action**. See Fed. R. Civ. P. 20(a)(2) (emphasis added).[2] Here, there is no nexus between Citigroup's claims against Holland and Villani on the one hand, and Meyer and LePrell on the other. Citigroup should not be permitted to join Meyer and LePrell in the existing action against Holland, Villani and Janney. As indicated above, Citigroup's claims against Holland and Villani on the one hand, and Meyer and LePrell on the other, involve departed employees from different offices, who serviced different clients, reported to different managers, who are faced with allegations contained in declarations submitted by different witnesses, and who did not even know each other during their employment at Citigroup.

Citigroup is not seeking relief jointly, severally or in the alternative against Holland and Villani on the one hand, and Meyer and LePrell on the other. Moreover, Citigroup's claims do not arise out of the same occurrences and do not contain questions of fact common to all defendants. Here, Citigroup has sought to consolidate claims involving completely different individuals and different claims. Joinder of Meyer and LePrell to the existing case against Holland, Villani and Janney is improper under the law.

In Klimaski v. Parexel International, No. 05-298, 2005 U.S. Dist. LEXIS 6403 (E.D. Pa. April 6, 2005), the United States District Court for the Eastern District of Pennsylvania considered whether joinder of three retaliatory discharge plaintiffs in one suit was proper against a common employer. Citing to Federal Rule of Civil Procedure 21, the Klimaski court indicated

---

[2] Notably, the FINRA rules of arbitration procedure are substantially similar to the federal rules civil procedure regarding appropriate joinder of respondents in arbitration. See FINRA Rule 13313 ("One or more parties may name one or more respondents in the same arbitration if the claims contain any questions of law or fact common to all respondents and: [1] The claims are asserted against the respondents jointly and severally; or [2] The claims arise out of the same transaction or occurrence, or series of transactions or occurrences.").

that "[i]t is also within a court's discretion to sever parties or claims that have been improperly joined." Id. at *6 (indicating that joinder is appropriate under Rule 20 only where each party's right to relief "arises out of the same series of transactions or occurrences, and there exists some common question of law or fact"). The court stated that "severance may be appropriate where analysis of multiple claims of discrimination requires 'a separate analysis of [each] plaintiff's work performance, qualifications, and the actions taken against him.'" Id. at 9.

The Klimaski court held that severance of the plaintiffs' cases was necessary because each plaintiff's claims involved distinct factual circumstances and because the prejudice to the defendants outweighed any convenience associated with joinder. Id. at *10-16. Specifically, the court indicated that the circumstances at issue in each of the three terminated employee's cases involved a separate analysis of each employee's employment contract, job performance, work history, supervisor and alleged retaliatory actions taken by the employer. Id. Further, the Court indicated that the roster of witnesses presented by each party was likely to be different, as well as the evidence presented by each party in support of its claims. Id. at *15. The court found severance necessary to prevent the possibility of prejudice to Defendants, indicating that "to proceed in a single action will bias Defendants generally and deflect . . . from the merits of each individual plaintiff's claims." Id. at *15. See also Brown v. Worthington Steel, Inc., 211 F.R.D. 320, 324-45 (S.D. Ohio 2002) (denying motion to amend complaint to add parties, finding joinder of plaintiff improper under Fed. R. Civ. P. 20 because the claims did not indicate that the plaintiffs worked together "during the same time frame, in the same department, in the same job position, or under the same supervisor"); Grayson v. K Mart Corp., 849 F. Supp. 785 (N.D. Ga. 1994) (citing to Fed. R. Civ. P. 20(a) in support of misjoinder holding, indicating that former employees' claims arose out of distinct and unrelated employment claims, not part of some

unified series of transactions or occurrences, and that alleging claims based upon the same general theories of law are insufficient to satisfy the "common question of law or fact" requirement); Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life & Casualty Co., 497 F.2d 1151 (2d Cir. 1974) (finding misjoinder of defendants under Fed. R. Civ. P. 20(a) because the actions charged of each defendant were separate and unrelated).

Pennsylvania courts applying similar state court rules have issued similar rulings in joinder cases. In Kalker v. Moyer, 921 A.2d 21 (Pa. Super. Ct. 2007), the court considered the propriety of including two individual defendants who were involved in two separate vehicle accidents with the plaintiff in one court action. See id. The issue considered by the court was whether two accidents occurring in two different counties seven months apart are part of a "series of transactions or occurrences" which should be joined and tried together in one county -- where the plaintiff's injuries were to the same body part and where it was difficult to say which accident caused what amount of harm. See id. at 22. Citing to Pa. R. Civ. P. 2229 (which is the state law counterpart to Fed. R. Civ. P. 20), the court held that the two cases did not present a common question of fact sufficient for them to be tried together. Id. at 22-23. The court indicated that the "occurrences" in the two auto accidents were entirely dissimilar as well as unrelated in terms of time, place, manner and parties. See id. at 22. The court further indicated that in interpreting whether the issues are of "common questions or fact or law" the court must consider whether the claims arise from a "common factual background." Id. Finally, the court stated that "[t]he burden is on plaintiff to show that the claims he seeks to join come within the limits of the rule." Id.

Here, much like the decisions cited above, Citigroup cannot meet its burden of showing that its claims against Holland and Villani, on the one hand, and Meyer and LePrell, on the other,

are sufficiently related to warrant inclusion of the claims relating to Meyer and LePrell in the existing court action. There is no "common factual background" between Citigroup's claims relating to these two entirely separate and distinct pairs of departing employees. The circumstances surrounding Holland and Villani's departure from Citigroup were unconnected in any way to Meyer and LePrell's resignations from Citigroup. The only similarity between Citigroup's claims against these individuals is that they all resigned from Citigroup and joined Janney (although even in that respect, it should be noted that they joined two entirely different Janney offices, as well).

Moreover, joinder of Meyer and LePrell into the current action against Holland, Villani and Janney would require the Defendants to present and respond to different witnesses and evidence during the same litigation. This would cause an undue burden on the Defendants and would likely also cause confusion during any hearing of this matter, whether in the Court or in the arbitration on the merits at FINRA. As in Klimaski and Kalker, the "occurrences" at issue in the departing employees' resignations were entirely dissimilar as unrelated in terms of time, place, manner, evidence, witnesses and parties. Pursuant to Federal Rule of Civil Procedure 21, Janney respectfully requests that this Court dismiss the Amended Complaint in its entirety, without prejudice, and as a result thereby "drop" Myer and LePrell from the above-captioned action, requiring Citigroup to file a separate action with regard to its claims relating to these unrelated parties.

**CONCLUSION**

WHEREFORE, for the reasons set forth above, Defendant Janney Montgomery Scott LLC respectfully requests that the Court enter an order dismissing the Amended Complaint in its entirety, without prejudice, and dismissing William Carl Meyer and Marcy LePrell from the above-captioned action, without prejudice, and award Janney its costs and for all other relief the Court deems appropriate.

DATED: February 24, 2009

Respectfully submitted,

By: /s/ Christopher P. Stief
Christopher P. Stief
Heather Z. Steele
Fisher & Phillips LLP
201 King of Prussia Road, Suite 650
Radnor, PA 19087
(610) 230-2150
(610) 230-2151 (facsimile)
cstief@laborlawyers.com
hsteele@laborlawyers.com

Attorney for Defendant Janney Montgomery Scott LLC

Philadelphia 18478.2

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2009, I electronically filed the foregoing MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT THEREOF with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record via facsimile and U.S. mail at the addresses listed below:

Scott F. Griffith
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107
(215) 575-2583 (facsimile)

Joseph E. Gehring, Jr.
Gering & Satriale LLC
370 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 400-7440 (facsimile)

*Attorneys for Plaintiff*
*The Smith Barney Division of Citigroup Global Markets, Inc.*

Timothy S. Cole
MantaCole, LLC
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(215) 641-0469 (facsimile)

*Attorneys for Defendants*
*M. Bernadette Holland and M. Amy Villani*

Thomas B. Lewis
Stark & Stark, Esqs.
993 Lenox Drive
Princeton, NJ 08543-5315
(609) 895-7395 (facsimile)

*Attorneys for Defendants*
*William Carl Meyer & Marcy LePrell*

By: /s/ Christopher P. Stief